The TOWN OF CENTRAHOMA, a Municipal Corporation, Plaintiff in Error,

v.

The CARTER OIL COMPANY, a Corporation, Defendant in Error.

No. 36534.

Supreme Court of Oklahoma.

April 26, 1955.

T. K. Klinglesmith, Coalgate, for plaintiff in error.

Forrest M. Darrough, Tulsa, Paul H. Long, Oklahoma City, Stevenson, Huser & Huser, Holdenville, T. Murray Robinson, Oklahoma City, for defendant in error.

WELCH, Justice.

Action was commenced by the Town of Centrahoma, a municipal corporation, against The Carter Oil Company, a corporation, to enjoin and restrain the defendant from pursuing its application to the State Corporation Commission for an order for the pooling of the lessees' interest in a certain 40 acre tract, and the establishing of a well spacing and drilling unit of said 40 acre tract; the said 40 acres being within the corporate limits of the Town of Centrahoma.

Injunction was denied, and the plaintiff appeals.

It is argued that the Corporation Commission is without jurisdiction to establish a spacing unit for the drilling of oil and gas wells within the corporate limits of the town, and contrary to an ordinance of the town establishing spacing units within its corporate limits.

The questions presented in argument, and as directed to an order of the Commission establishing a well spacing or drilling unit, are not properly determinable in the instant proceeding in appeal from a judgment of the trial court. Such questions are determinable only in the case of an appeal from such an order of the Commission to this court, or in the exercise of the jurisdiction of this court to issue writs of mandamus or prohibition to the Commission. 52 O.S.1951 § 111.

The record discloses that after a temporary restraining order was vacated the defendant's application for a pooling order was presented to the Commission. The Commission had issued its order on said application and its order establishing a well spacing or drilling unit embracing the acreage involved before the instant action came to trial.

It appears that the act of the defendant sought to be enjoined had been performed. Accordingly, the relief as sought against the defendant could not be

afforded in the action; the case had become moot.

The judgment denying the injunction, and of the effect of a dismissal of the action, is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.